CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RKs
AUG 0 2 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT STANLEY CLEMENTS, #144893,<br>Petitioner, | Civil Action No. 7:07cv00177 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON, Director of<br>Virginia Department of Corrections,<br>Respondent. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Petitioner Robert Stanley Clements, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Clements challenges the validity of his convictions in the Circuit Court of Pittsylvania County. This action is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## FACTUAL AND PROCEDURAL SUMMARY

On June 6, 1985, Clements was convicted of abduction and rape and, on August 16, 1985, was sentenced to life imprisonment. A three-judge panel of the Court of Appeals of Virginia found no reversible error by the trial court and denied Clements' appeal on April 2, 1986. Clements then appealed to the Supreme Court of Virginia which reviewed the record, found no reversible error, and, on September 2, 1986, refused the petition.

On May 25, 2004, Clements filed a motion in the Circuit Court of Pittsylvania County for scientific analysis of previously untested scientific evidence. Clements asserted that DNA testing was not available at the time of his trial and that physical evidence recovered from the victim–including sperm, blood, and hair fragments–should be subjected to testing. The Circuit Court conducted a hearing upon Clements' motion and, on November 10, 2004, denied the motion. Based

on Clements' testimony during this hearing, the Commonwealth indicted Clements for perjury. Clements, however, was acquitted of the charges. On April 25, 2006, Clements filed a second motion for scientific analysis in the Circuit Court of Pittsylvania County, reincorporating his earlier motion. This motion was denied by the court on April 27, 2006.

On July 19, 2006, Clements filed a petition for writ of habeas corpus in the Circuit Court of Pittsylvania County. His petition raised the following claims:

- (A) Clements was denied due process because of the prosecution's failure to disclose exculpatory evidence;

- (A)(i) Trial counsel failed to move the court for imposition of sanctions against the Commonwealth for failure to disclose exculpatory evidence;

- (B) His Sixth Amendment right to an impartial jury was abridged when a juror made a prejudicial remark during a coffee break at trial;

- (C) The Commonwealth's peremptory strikes of all black jurors abridged Clements' rights under the Sixth and Fourteenth Amendments, thus depriving Clements of a fair trial consistent [sic] of impartial jurors drawn from cross section of the community; and

- (D) He is innocent of the crime(s) in which he was convicted of [sic] and that constitutional violations have resulted in his conviction.

The court found that all five claims were barred by the statute of limitations and, therefore, the court dismissed the petition as untimely on August 24, 2006. Clements appealed this decision and, on March 13, 2007, the Supreme Court of Virginia refused the petition for appeal.

Clements filed the instant petition on April 3, 2007, alleging five claims identical to those raised in his state habeas petition. Respondent moved to dismiss the petition on June 25, 2007, arguing that Clements' claims are barred by the statute of limitations. Clements did not respond within twenty days and, therefore, the petition is ripe for review.

2

## ANALYSIS

Clements' claim is barred by the statute of limitations. Pursuant to 28 U.S.C. § 2244(d), a state prisoner must file his petition for a writ of habeas corpus within one year of the date upon which the judgment became final, subject to tolling for the period when a properly filed state collateral review proceeding was pending. See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001). For convictions that became final before the Antiterrorism and Effective Death Penalty Act's ("AEDPA") effective date of April 24, 1996, the limitations period began running on that day. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The statutory period for such cases therefore expires on April 24, 1997, absent any grounds for statutory or equitable tolling. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Clements' direct appeal of his convictions ended on September 2, 1986, when the Supreme Court of Virginia refused his petition for appeal. Clements then had 90 days in which to file a petition for certiorari in the Supreme Court of the United States. Clements failed to file such a petition and, therefore, his convictions became final on Monday, December 1, 1986. As the convictions became final in advance of the April 24, 1996 enactment date of the AEDPA, Clements had one year from enactment–until April 24, 1997–to file a federal habeas petition pursuant to 28 U.S.C. § 2254. Clements missed this deadline by nearly ten years; in fact, Clements did not even file his state habeas petition in the Circuit Court of Pittsylvania County until July 19, 2006, well after both the federal and state statutes of limitations had expired. Accordingly, absent any grounds for statutory or equitable tolling, Clements' claims are time-barred by the statute of limitations and must be dismissed.

3

Section 2244(d)(1) does, however, provide three statutory exceptions in which the limitations period may begin after the judgment became final under certain circumstances. Under § 2244(d)(1)(D), the limitations period begins running the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Clements alleges in his petition that this statutory exception is applicable, but admits in the discussion of each claim that he knew of the factual predicates for every claim at, or shortly thereafter, the time of trial.[1] As Clements' knew of the factual predicate for each of his claims in 1986, the statutory exception contained in 28 U.S.C. § 2244(d)(1)(D) does not serve to begin the statute of limitations after Clements' judgment became final. Accordingly, Clements' petition is time-barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[2] Clements has made no such demonstration.

Clements' sole contention that equitable tolling of the statute of limitations is available and proper is that he is actually innocent of the crimes for which he was convicted. Claims of actual

---

[1] Clements admits that he knew of the factual predicates of claims (B) through (D) at the time of trial. As for claims (A) and (A1), Clements states in his petition that the potentially exculpatory evidence–a Certificate of Analysis generated by the forensic science laboratory that examined the biological evidence before trial–was disclosed to him on the day of his conviction, June 6, 1985, but after the trial had concluded. Court records, however, from the Circuit Court of Pittsylvania County clearly indicate that the Certificate of Analysis was filed with the court on May 9, 1985, nearly one month prior to trial. Clements attempts to excuse his delay with the contention that he did not know where the evidence was located until November 14, 2003. Exhibit B of Clements' petition demonstrates, however, that Clements failed to make inquiry as to the whereabouts of the evidence until November 12, 2003–more than six years after the statutory deadline had passed. With due diligence, Clements could have discovered the location of the evidence within the statutory time limit; in fact, upon his first inquiry, Clements was promptly notified that the Sheriff of Pittsylvania County was in possession of the evidence. Clements cannot otherwise account for the delay.

[2] Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

Case 7:07-cv-00177-JLK-mfu  Document 12  Filed 08/02/07  Page 4 of 6  Pageid#: 199

innocence must be based on "reliable evidence not presented at trial." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998). In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). This court must evaluate the credibility of the new evidence, and then consider it in conjunction with the trial record and other available evidence. Id. at 244; see also O'Dell v. Netherland, 95 F.3d 1214, 1250 (4th Cir. 1996), aff'd, 521 U.S. 151 (1997).

As new evidence not presented at trial, Clements has offered only the Certificate of Analysis generated by the forensic laboratory which examined physical evidence recovered from the victim and from her underwear. The Certificate shows that spermatozoa heads were identified on the cervix, thigh, and underwear of the victim, that several Caucasian hair fragments–but no Negro hairs–were found on the victim, and that type-A blood was found on the victim. Clements asserts that he is a black man with type-O blood. He further asserts that if the spermatozoa heads were tested, the results would demonstrate that Clements did not have intercourse with the victim.

Upon evaluation of the new evidence and consideration of it in conjunction with the trial record, I find that Clements has not shown it to be more likely than not that no reasonable juror would have convicted him in light of the new evidence. The trial record reveals that the victim was menstruating at the time of the rape, thus potentially accounting for the blood recovered in her physical examination. The trial record also includes the compelling testimony of the victim detailing the abduction and rape, an in-court identification of Clements as the perpetrator by the victim, and testimony of Investigator B.H. Moss, who introduced photographic evidence supporting the

5

Commonwealth's theory of the case. Investigator Moss further testified that he saw scratch marks on Clements' face, consistent with the victim's claim of scratching Clements during the attack. Moreover, on direct examination at trial, Clements admitted to having intercourse with the victim, possibly more than once. This admission fatally undermines Clements' assertion that testing the spermatozoa heads found on the victim would demonstrate that he did not have intercourse with her. In light of Clements' admission, the other testimony and evidence at trial, and the inability of the new evidence to exonerate him, I find that a reasonable juror could have convicted Clements, even in light of the Certificate of Analysis. Accordingly, I find that Clements has not demonstrated grounds sufficient for this court to apply equitable tolling.[3] Therefore, the petition is barred by the statute of limitations and must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 2nd day of August, 2007.

*Jackson L. Kiser*
Senior U.S. District Judge

---

[3] Clements has not asserted any further grounds for equitable tolling or presented any extraordinary circumstances beyond his control that prevented him from filing on time.

Case 7:07-cv-00177-JLK-mfu   Document 12   Filed 08/02/07   Page 6 of 6   Pageid#: 201